UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MOORE #223268,

  Plaintiff,

v.

AMY COFFELT,
*et al.,*

  Defendants.

_____/

Case No. 1:25-cv-12487 District
Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART MDOC
DEFENDANTS' MOTION TO STAY DISCOVERY (ECF No. 41),
EXTENDING THE DEADLINE FOR RESPONDING TO THE SUMMARY
JUDGMENT MOTION (ECF No. 30), and GRANTING PLAINTIFF
LIMITED DISCOVERY**

MDOC Defendants have moved to stay discovery pending a decision on their pending, exhaustion-based motion for summary judgment.  (ECF No. 41.) Plaintiff opposes the motion, citing Fed. R. Civ. P. 56(d)(2) and (f), arguing that he needs discovery to respond to the summary judgment motion.  (ECF No. 43.)  He supports his motion with a "Declaration" in which he cites 28 U.S.C. § 1746, states that "the facts stated herein … are true and correct[,]" and concludes by stating that "I am willing to testify in a court of law under oath as to the contents of this declaration."  (ECF No. 43, PageID.734-735, Intro. and ¶ 16.)  However, the declaration does not state that it is given "under penalty of perjury[,]" as required

by the statute.  28 U.S.C. § 1746(2).  Nonetheless, it does state that "[d]iscovery is vital to my response to the Defendant's 'lack of exhaustion' claim because obtaining copies of the unit's log-book entries will show that my attempts to resolve these issues through the administrative process were thwarted and deadended [sic] by the Defendants."  (ECF No. 43, PageID.735, ¶ 15.)

Since the deadline for responding to the summary judgment motion is still a month away (ECF No. 40), and the logbook entries in question could potentially touch upon Plaintiff's efforts to exhaust his administrative remedies through the grievance process, the Court will, pursuant to Fed. R. Civ. P. 1, treat this response as a request for additional time to respond to the summary judgment motion, extend the response deadline to **October 21, 2026** and permit Plaintiff to make a limited document request – consistent with Fed. R. Civ. P. 34 – for the log book entries in question.

All other discovery is **HEREBY STAYED,** pending full resolution of the summary judgment motion, since a stay of all discovery is often ordered where, as here, the question of whether the case must be dismissed on the pleadings or based on preliminary considerations remains in play.  *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.") (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)); *see*

*also Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300,

304 (6th Cir. 2003) ("Limitations on pretrial discovery are appropriate where

claims may be dismissed 'based on legal determinations that could not have been

altered by any further discovery.'") (quoting *Muzquiz v. W.A. Foote Memorial*

*Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  In the case at bar, judicial economy

favors only the limited discovery permitted above and a stay of all other discovery

pending the Court's decision on the exhaustion-based summary judgment motion.

It is **SO ORDERED**.[1]


Dated: July 20, 2026

_____

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).